*245 The opinion of the Court was drawn up by
Kick, J.
The petitioner prays for a rule to issue to the respondents, to appear and show cause why a writ of mandamus should not issue, commanding them to declare the petitioner register of deeds for the county of Knox.
The case is presented on an agreed statement of the parties, in which the facts set forth in the petition are admitted to be true.
The petitioner claims to have been elected register of deeds for the county of Knox, at the annual election for State and county officers in Sept., 1860.
By the provisions of § 2, c. 7, K. S., registers of deeds, in each county and in each registry district, wére to be elected on the second Monday of September, 1857, and in every five years thence following. The petitioner does not claim to have been elected under the provisions of this section, as the voting did not occur in any year therein indicated.
Section 10 of the same chapter provides that, in case of vacancy in the office of register of deeds, the clerk of the Judicial Courts shall perform all the duties and services of register of deeds during such vacancy.
For the purpose of supplying such vacancy, by a new election of a register, the chairman of the County Commissioners shall issue his warrants to the municipal officers in. the towns in said county or registry district, directing them to convene the qualified voters thereof, to choose some suitable person to fill the vacancy. R. S., c. 7, § 13.
By section 14, the chairman of the Commissioners is directed to make his warrants returnable at a day certain, and notify the other County Commissioners to attend at the return day, and they shall then examine the returns made, as directed; and the person elected in manner as aforesaid, after being duly sworn and having given bond as aforesaid, shall be the register until the time when the register, elected at the next election of the registers throughout the State, enters upon the discharge of his duties.
*246 The questions presented for consideration are, whether a vacancy existed in the office of register of deeds, and, if so, whether , the petitioner was legally chosen to fill that place at the time he claims to have- been elected. He does not, in direct affirmative language, allege in his petition that such a vacancy existed. To give this Court jurisdiction, that fact should be thus alleged. This, however, is a technical defect, not going to the, merits of the controversy. We therefore pass it and proceed to consider other propositions in the case, and, for that purpose, assume for the moment that a vacancy in fact existed.
The constitution makes- no provision for the election of register of deeds. The election or appointment of that officer, depends wholly upon statute'provision. The statute, as we have seen, applicable to ordinary cases, provides for the election of that officer once in five years, the terms of office commencing in 1857. There are no other provisions for filling that office, by election, except those contained in sections 13 and 14 of chapter 7, in cases of vacancy. There must necessarily be some tribunal to determine when a vacancy exists, as well as to appoint the time for filling the same, and determining the result of the election. These duties are devolved upon the County Commissioners or their chairman, by positive statute provision, or necessary implication.
To refer these questions to the municipal officers of the several cities, towns and plantations, would lead to uncertainty and confusion, and is without any authority of law.
If it should be said that this construction will deprive citizens of a right to vote for register of deeds, when vacancies actually exist, unless the chairman of the County Commissioners may choose to issue his warrants ftir an election, the answer is, that the remedy consists in an application to this Court to compel that officer to perform his duty, and issue the warrants for any election, and not to compel him to perform an act not required by law.
But an examination of the facts in this case, in connec *247 tion with the statutes bearing upon the subject matter, has satisfied us that there was in fact no vacancy existing in said office at the time the petitioner claims to have been elected. The It. S., c. 7, evidently contemplates a vacancy that may occur in the ordinary course of events, after counties have been organized and elections .had been held. Hence the provision in section 13, for supplying such vacancies by a new election, language not appropriate in cases where there had been no previous election to the same office.
The Act of March 9, 1860, incorporating the county of Knox, took effect on the first day of April next following. By the 10th section of that Act, the Governor was authorized to appoint a register of deeds, with certain other officers, for the county, who were to continue in office until their places were filled by an election according to the constitution and the laws, unless sooner removed for cause.
It is, by this provision, manifestly intended that the officers thus appointed shall hold their offices until their places are filled by an election held at the time, and in the manner prescribed by the constitution and the general law, and not that there shall be special intermediate elections. This construction is strengthened by reference to the provisions of the additional Act of March 19, 1860.
Under the provisions of the Act of March 9, 1860, the case finds that George W. White was duly appointed and commissioned register of deeds for said county, to perform the duties thereof until January 1, 1861, or until another should be duly elected and qualified to fill his place; and that said White entered upon the duties of his office, April 1, 1860, and, so far as the case shows, has continued to discharge the duties of the office until the present day. Under that appointment he will be authorized to hold the office until after the election in 1862, unless removed therefrom for cause. The petition must be dismissed.
Tenney, C. J., May, Goodenow and Kent, JJ., concurred.